IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WENDY RENEE NEAL, § | |
| MOVANT, § | |
| § | |
| V. § | CIVIL CASE NO. 3:17-CV-2253-B-BK |
| § | (CRIMINAL CASE NO. 3:14-CR-367-B-72) |
| § | |
| UNITED STATES OF AMERICA, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Wendy Renee Neal's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for a recommended disposition. The Court subsequently appointed counsel and held an evidentiary hearing on the claim that defense counsel provided ineffective assistance by failing to file a requested notice of appeal. Upon review of the relevant pleadings and applicable law, the Section 2255 motion should be **DENIED**.

### I.   BACKGROUND

In 2016, pursuant to a plea agreement that included a waiver of appellate rights, Neal pled guilty to possession with intent to distribute methamphetamine and was sentenced to 84 months' imprisonment and a three-year term of supervised release. Crim. Doc. 2896. Although she did not file a direct appeal, Neal timely filed this Section 2255 motion, alleging her trial counsel rendered ineffective assistance at sentencing and by failing to file a notice of appeal despite her request to do so. Doc. 2 at 5; Doc. 3 at 10-13. She also raises substantive sentencing claims.

Doc. 3 at 14, 17, 21.  The Government filed a response in opposition, and Neal did not file a reply.  Doc. 11.

The Court held an evidentiary hearing on Neal's claim that counsel failed to file a requested notice of appeal, and the parties filed post-hearing briefs on that issue.[1]  Doc. 27; Doc. 30.  However, Neal cannot show counsel was constitutionally ineffective and her substantive sentencing claims are waived and/or procedurally barred.  Consequently, her Section 2255 motion fails on the merits.

## II.   ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under Section 2255, a petitioner can collaterally challenge her conviction "only on issues of constitutional or jurisdictional magnitude."  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A.  Ineffective Assistance of Counsel Standard

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding.  *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).  To obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, Neal must prove that counsel's performance was deficient, and that counsel's substandard performance caused prejudice.  *Strickland v.*

---

[1] Neal was represented by appointed counsel at the hearing and through the post-hearing briefing process.  Doc. 13.

*Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court "held that the *Strickland* test applies to claims 'that counsel was constitutionally ineffective for failing to file a notice of appeal.'" *United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014) (per curiam) (quoting *Flores-Ortega*, 528 U.S. at 477). The Court reaffirmed the well-settled rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega,* 528 U.S. at 477 (*citing Rodriquez v. United States,* 395 U.S. 327, 330 (1969)). In such a case, "prejudice will be presumed." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

But even if the defendant does not instruct counsel to file an appeal, counsel has a constitutional duty to consult with the defendant about an appeal. *Flores-Ortega,* 528 U.S. at 480. Such a duty arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* As defined by the Supreme Court, the term "consult" conveys a specific meaning: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. at 480.

When counsel breaches his constitutionally-imposed duty to consult, prejudice is not presumed and the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. "[E]vidence that there were nonfrivolous grounds for appeal or

3

that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485. However, "[t]he defendant need not show 'that his hypothetical appeal might have had merit.'" *Bejarano*, 751 F.3d at 285 (quoting *Flores-Ortega,* 528 U.S. at 486). This standard applies even in cases "where a defendant has waived the right to appeal or collateral review." *Bejarano*, 751 F.3d at 285 (quoting *Tapp,* 491 F.3d 263, 266).

### B. Evidentiary Hearing Testimony

At the evidentiary hearing held on February 7, 2018, Neal, her trial counsel, Douglas Greene, and Neal's mother, Mary Hawthorne, testified. The parties stipulated that Paul Hawthorne, Stacy Williams, and James Williams – Neal's step father, sister, and brother -- who were present in the courtroom, would testify in accordance with the declarations enclosed with Neal's Section 2255 motion—namely that they understood that Greene would be filing a notice of appeal. Doc. 24 at 4; *see* Doc. 3 at 33-35 (declarations).

Neal testified that Greene visited her in the U.S. Marshal Service's "lockup" before sentencing, but that he "never" came to see her after she was sentenced. Doc. 24 at 7. Neal averred that she spoke with Greene briefly as she exited the courtroom immediately after sentencing and that her "understanding" was that "once the paperwork" was finalized, Greene would file a notice of appeal. Doc. 24 at 7-8. Although Neal acknowledged the appeal waiver in her plea agreement, she understood that she had a right to appeal within 14 days of sentencing, as advised by the Judge at sentencing. Doc. 24 at 8; *see also* Crim. Doc. 3209 at 72 (*Sentencing Hrg. Tr.*). But she confirmed not receiving Greene's September 14, 2016 letter (which as noted *infra* reiterated her appeal rights and prior statement to counsel that she did not want to appeal) because she had been transferred to another prison. Doc. 24 at 9-10. Neal also affirmed waiting three months before contacting Greene about the status of an appeal, thinking it would take a few

months for the appeal "paperwork to go through." Doc. 24 at 8-9; *see* Doc. 3 at 37 (Neal's January 9, 2017 letter to Greene about status of appeal).

Hawthorne testified that she met Greene outside the courtroom after sentencing with family members and friends, asked him how soon the appeal could start, and understood that Greene would commence the appeal as soon as certain "paperwork was processed." Doc. 24 at 13. Hawthorne acknowledged that Neal routinely sent her copies of all documents related to her criminal case, but that she did not receive a copy of Greene's September 14, 2006 letter until he enclosed it with his January 26, 2017 letter response to Neal. Doc. 24 at 13-15.

Greene testified that he spoke to Neal briefly after sentencing while the two were sitting at counsel table. Doc. 24 at 18. He averred talking to Neal only for "[a] minute, two minutes . . . right after the judge had sentenced her, before the Marshals took her out." *Id.* Greene acknowledged that he asked Neal explicitly whether she wanted to appeal and that she said no. Doc. 24 at 19. Greene added that, when he returned to his office, he made a contemporaneous notation on a standard form (which he kept in his file) that Neal did not want to appeal. Then, he sent Neal a letter, memorializing his understanding that Neal did not want to appeal. Doc. 24 at 20-22. Greene noted that, had Neal wanted to appeal, the actual filing of the notice of appeal is not a "labor-intensive" process and he files notices of appeal all the time. Doc. 24 at 17, 19-20.

After sentencing, Greene affirmed speaking with Neal's family that she had waived her right to appeal but had not been sentenced above the statutory maximum. Greene admitted that he did not remember whether her family members asked him about filing an appeal. Doc. 24 at 20-21. And while Neal's mother communicated with his office assistant after sentencing, Greene did not know the substance of the calls or Neal's wish to appeal, otherwise, he could have easily filed a notice of appeal. Doc. 24 at 23-24, 48.

5

During cross examination, Greene admitted to clerical errors or misstatements in court filings and correspondence, specifically that (1) Greene's affidavit, submitted with the Government's response, listed the wrong guideline range and noted enhancements were not applied, when in fact there was an enhancement for importation, Doc. 24 at 29-30, 35, (2) Greene's September 14 letter to Neal mistakenly noted that enhancements requested by the Government were not given, Doc. 24 at 39, and (3) Greene's CJA billing record incorrectly reported a roundtrip to the Mansfield Jail when Neal was actually at the Hunt County Jail, Doc. 24 at 40-41.

### C. Counsel's Failure to File a Notice of Appeal

Neal asserts Greene rendered ineffective assistance when he failed to file a notice of appeal despite her request to do so.

Based on the evidence presented at the evidentiary hearing, the Court finds Greene's testimony credible. Greene's statement that he believed Neal did not want to appeal is plausible because upon returning to his office, Greene marked that Neal did not want to appeal on the standard post-sentencing form used in all his client files. A few days later, he sent Neal a letter memorializing her right to appeal and her prior statement to counsel that she did not want to file an appeal. While Neal testified that she did not receive that letter because she had already been transferred to another prison, the letter corroborates Greene's statement that Neal had already indicated she did not want to appeal. Contrary to Neal's assertion, Greene's inability to recall other aspects of her case does not refute his contemporaneous notations.

Based on this evidence, the Court finds credible Greene's testimony that Neal explicitly stated she did not want to appeal. *See Flores-Ortega*, 528 U.S. at 477 ("a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following

his instructions, his counsel performed deficiently"). Because Greene did not disregard an explicit instruction from Neal to file a notice of appeal, he was not constitutionally ineffective. *See Flores-Ortega*, 528 U.S. at 477 (holding that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable"). Accordingly, Neal is not entitled to relief on this claim.

### D. Counsel's Failure to Consult with Neal about an Appeal

The Court next addresses Neal's contention, mentioned for the first time in her post-hearing brief, that Greene breached the constitutionally imposed duty to consult with her about an appeal. Doc. 27 at 7. At the evidentiary hearing, Greene testified that he spent at the most "[a] minute, two minutes . . . right after the judge had sentenced [Neal]," discussing whether she wanted to appeal. Doc. 24 at 18. The Court need not address whether spending "one" or "two" minutes discussing the right to appeal with Neal was adequate, because her claim fails for other reasons.

In her post-hearing brief, Neal merely asserts:

> Mr. Greene represented to the Court, prior to and at the sentencing hearing, that Ms. Neal was intellectually impaired. He admitted during the evidentiary hearing that Ms. Neal was "acting out in court" at the sentencing hearing. Mr. Greene certainly knew specific information about this particular client that gave rise to his duty to consult with her. His failure to take the time to actually consult with Ms. Neal – apart from a rushed, non-private conversation in an open courtroom while United States Marshals were undoubtedly waiting to take her back into custody after her hearing – was unreasonable. This conclusion is supported by the weight of the evidence, including Ms. Neal's testimony, the statements of her family members, and the dearth of Mr. Greene's clear recollections about his representation of her.

Doc. 27 at 7.

Neal did not assert in her Section 2255 motion that counsel failed in his obligation to adequately consult with her about appealing, and the claim was not developed at the evidentiary

hearing. That notwithstanding, *Flores-Ortega* requires that a court address whether counsel adequately consulted with a defendant about his right to appeal, even if the defendant did not specifically indicate a desire to appeal.

Neal's claim fails on the prejudice prong of *Strickland*. In *United States v. Bejarano*, the United States Court of Appeals for the Fifth Circuit noted that the prejudice prong is satisfied if movant establishes "'that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'" 751 F.3d 280, 285 (quoting *Flores-Ortega*, 528 U.S. at 484). The Court explained "that '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). Here, Neal points to no evidence that she would have appealed, *but for* her counsel's failure to consult with her regarding an appeal. Notably, her *pro se* pleadings, evidentiary hearing testimony, and post-hearing brief are silent about whether she would have filed an appeal. This is significant because she conceded that she was aware of her appellate rights. Doc. 24 at 8.

More importantly, the evidence presented at the evidentiary hearing shows no action taken or other fact to suggest a reasonable probability that Neal would have appealed. *See United States v. Calderon*, 665 Fed. Appx. 356, 366 (5th Cir. 2016) (per curiam) (finding no *Strickland* prejudice because movant presented no evidence that he would have actually appealed, apart from his counsel's alleged failure to consult about an appeal). Indeed, Neal did not inquire about the status of an appeal until her January 9, 2017 letter, four months after sentencing. Doc. 3 at 37. She also did not convey her disappointment with counsel's failure to appeal until her May 18, 2017 letter. Most telling, Neal delayed an additional three months until August 23, 2017—more than eleven months after her sentencing—before she filed this Section

2255 motion, in which she also fails to express a desire to appeal. *See Flores-Ortega*, 528 U.S. at 485 (concluding that "promptly express[ing] a desire to appeal will often be highly relevant" in determining prejudice); *Bejarano*, 751 F.3d at 287 (noting that post-sentencing actions, such as waiting almost a full year after sentencing to file a Section 2255 motion, "indicate [the defendant] was unlikely to have" timely appealed).

Although, Neal is not required to demonstrate that an appeal would have been successful, she also has not suggested any non-frivolous ground for appeal she would have pursued if given the opportunity, either at the evidentiary hearing or in her post-hearing brief. *See Bejarano*, 751 F.3d at 285 (concluding that non-frivolous grounds for appeal may be relevant in assessing prejudice under *Strickland*). As noted in *Bejarano*, "while 'a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal,' this 'evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.'" 751 F.3d at 286 (quoting *Flores-Ortega*, 528 U.S. at 486). A defendant "must present more to succeed." *Id.*

In sum, Neal has not demonstrated prejudice under *Strickland* resulting from trial counsels alleged failure to adequately consult regarding her right to appeal. Thus her claim fails.

### E. Remaining Claims Likewise Fail

#### 1. Ineffective Assistance of Counsel at Sentencing

Neal asserts counsel rendered ineffective assistance at sentencing in (1) failing to object to the absence of a mitigating-role adjustment, Doc. 3 at 21, (2) submitting a *Sentencing Memorandum and Downward Departure and/or Variance Request* that presented "a questionable bizarre tactical theory of defense" and was plainly "unprofessional," Doc. 3 at 18-19, and (3) failing to obtain a psychiatric evaluation to assess Neal's "intellectual disabilities" and

competency, Doc. 3 at 18-19. Her claims are unavailing.

Contrary to Neal's assertion, defense counsel requested that she receive a minor role reduction in the objections to the PSR and *Sentencing Memorandum*. Crim. Doc. 2763 at 2-4; Crim. Doc. 2863 at 13. At sentencing, counsel presented cogent arguments in support of his request, summarized evidence from his investigation into the offense, and effectively cross-examined the case agent about Neal's role in the offense. Crim. Doc. 3209 at 6-16, 26-47. That counsel was not successful in securing a minor role reduction does not equate to ineffective assistance. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (holding that unsuccessful efforts do not constitute ineffective assistance of counsel).

Moreover, while counsel's *Sentencing Memorandum* was certainly unusual—comparing Neal to Forrest Gump—it accurately and meticulously assessed her life-long struggles with mental health issues, childhood violence and sexual abuse, and her persistent naivete and slow-witted, kind nature and how it impacted her overall conduct in the criminal case. Crim. Doc. 2863 at 6, 11-13. The Court recognized counsel for his "valiant" efforts and a "quite interesting," one-of-kind *Sentencing Memorandum*, and thanked him for the detailed investigation and in particular "for all [his] work on this case," emphasizing that he "obviously did a lot." Crim. Doc. 3209 at 4, 46, 49, 73.

Additionally, the record refutes Neal's conclusory assertion that she was incompetent to stand trial, and that counsel should have obtained a psychiatric evaluation. Doc. 3 at 19; *see also* Crim. Doc. 2690-1 at 21-25, PSR ¶¶ 68-85 (summarizing Neal's psychiatric history, diagnoses, and treatment). Indeed, the Court specifically acknowledged that Neal was competent despite her ongoing mental health problems. Crim. Doc. 3209 at 67-68. As such, counsel's strategic decision to focus on Neal's life-long mental health problems as a possible mitigating factor,

rather than challenging her competency, was reasonable under the circumstances. Indeed, the record reflects as much. The Court carefully weighed counsel's mental-incapacity arguments, acknowledged that Neal's mental health issues impacted her criminal behavior and inability to show remorse, and ultimately concluded that a sentence of 84 months at the low-end of the guidelines range was justified. Crim. Doc. 3209 at 68-70. Because Neal undoubtedly benefited from counsel's persuasive arguments, she cannot show prejudice—namely that her sentence was increased by counsel's alleged deficient performance. *Glover*, 531 U.S. 198, 200, 203-204.

For the foregoing reasons, Neal's remaining ineffective assistance of counsel claims fail.

### 2. Substantive Sentencing Arguments

Lastly, Neal asserts that (1) her sentence was imposed in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and (2) the Court abused its discretion by denying a downward departure and a minor role reduction. Doc. 2 at 6; Doc. 3 at 14, 17, 21. However, because Neal did not present these claims on direct appeal, they are also procedurally barred, absent a showing of cause and prejudice or that she is "actually innocent" of the crime for which she was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). Moreover, Neal has not satisfied the cause-and-actual prejudice exception to excuse her failure to raise the claims on direct appeal. Indeed, she does not offer anything to meet that heavy burden, having not even filed a reply to the Government's response. The Court also notes that neither claim falls within an exception to Neal's voluntary waiver of her right to appeal and to seek other post-conviction relief. Crim. Doc. 2230 at 5.

### III. CONCLUSION

For the foregoing reasons, Neal's motion to vacate sentence under 28 U.S.C. § 2255 should be **DENIED** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED**, December 14, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F‍ED. R. C‍IV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).